Lian v. Holder
BIA
A073 177 072

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 7th day of October, two thousand eleven.

PRESENT:
> JON O. NEWMAN,
> JOSÉ A. CABRANES,
> RAYMOND J. LOHIER, JR.,
> > *Circuit Judges.*

_____

YONG QIN LIAN,
> *Petitioner,*

> v.

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
> *Respondent.*

10-3337-ag
NAC

_____

FOR PETITIONER:      Michael Brown, New York, New York.

FOR RESPONDENT:      Tony West, Assistant Attorney General; Cindy S. Ferrier, Senior Litigation Counsel; Kimberly A. Burdge, Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Petitioner Yong Qin Lian, a native and citizen of the People's Republic of China, seeks review of the July 30, 2010, decision of the BIA denying his motion to reopen. *In re Yong Qin Lian*, No. A073 177 072 (B.I.A. July 30, 2010). We assume the parties' familiarity with the underlying facts and procedural history of the case.

The BIA's denial of Lian's motion to reopen as untimely was not an abuse of discretion. *See Kaur v. BIA*, 413 F.3d 232, 233 (2d Cir. 2005) (per curiam). A motion to reopen generally must be filed no later than 90 days after the date on which the final administrative decision was rendered in the proceedings sought to be reopened. 8 U.S.C. § 1229a(c)(7)(C)(i); 8 C.F.R. § 1003.2(c)(2). There is no dispute that Lian's 2009 motion was untimely, as the final administrative decision was issued in 2002. *See* 8 U.S.C. § 1229a(c)(7)(C)(i); 8 C.F.R. § 1003.2(c)(2). The time limitation does not apply to a motion to reopen if it is "based on changed circumstances arising in the country of nationality or in the country to which deportation has been ordered, if such evidence is material and was not available and

-2-

could not have been discovered or presented at the previous hearing." 8 C.F.R. § 1003.2(c)(3)(ii); *see also* 8 U.S.C. § 1229a(c)(7)(C)(ii). However, the BIA did not abuse its discretion in finding that Lian failed to establish changed circumstances in China.

Lian contends that his Falun Gong activities in the United States constitute changed circumstances. As the BIA noted, Lian's Falun Gong activities, which he commenced in the United States in 2008, reflect a self-induced change in personal circumstances, and therefore do not exempt his motion from the time limitation. *See Wei Guang Wang v. BIA*, 437 F.3d 270, 273-74 (2d Cir. 2006); *see also Yuen Jin v. Mukasey*, 538 F.3d 143, 155 (2d Cir. 2008).

Lian also argues that he demonstrated changed country conditions by submitting evidence showing that the prohibition against the practice of Falun Gong was being more strictly enforced in China, and the BIA disregarded this evidence. However, the BIA referenced this evidence in its decision, and its acknowledgment was sufficient. *See Jian Hui Shao v. Mukasey*, 546 F.3d 138, 169 (2d Cir. 2008) (noting that the BIA does not need to expressly parse or refute every piece of evidence submitted by the petitioner); *Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 337 n.17 (2d Cir. 2006) ("we

-3-

presume that an IJ has taken into account all of the evidence before him, unless the record compellingly suggests otherwise.").

Moreover, the BIA's determination that the evidence failed to demonstrate changed country conditions is supported by substantial evidence. *See Jian Hui Shao*, 546 F.3d at 169 (when the BIA considers relevant evidence of country conditions in evaluating a motion to reopen, we review the BIA's factual findings under the substantial evidence standard). The only background materials Lian submitted relating to conditions in China for Falun Gong practitioners was a 2007 United States Department of State Profile of Asylum Claims and Country Conditions for China, which indicated that "[t]he government has continued to wage a severe campaign against Falun Gong." Because the evidence Lian submitted was insufficient to establish a change in country conditions, the BIA did not abuse its discretion in concluding that he failed to meet an exception to the filing deadline, and, accordingly, in denying his motion to reopen. *See* 8 U.S.C. § 1229a(c)(7)(C)(i), (ii); 8 C.F.R. § 1003.2(c)(2), (3).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED,

-4-

and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk